IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Glenn L. Williams, #15975-056,<br><br>                Plaintiff,<br><br>vs.<br><br>Darlene Drew, Warden at FCI-Bennettsville, in her individual and official capacity; Delrae, Captain at FCI Bennettsville, in his individual capacity,<br><br>                Defendants. | Civil Action No. 6:10-2231-TLW-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the plaintiff's "Motion Preventing FCI - Bennettsville Warden D. Drew from Subjecting Plaintiff to Any Further Life-Threatening, Unsafe and Unhealthy Special Housing Unit Conditions . . . " (doc. 5). The motion has been construed by the this court as a motion for a temporary restraining order. The plaintiff is a federal inmate at FCI Bennettsville. He alleges in his complaint that his constitutional rights have been violated because of the following: prison conditions, placement of prisoner in "infested" areas, denial of dental hygiene products (dental floss), denial of access to law library, and denial of access to courts.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

In his motion, the plaintiff claims that he has been held in the Special Housing Unit ("SHU") for longer than his "sentence" required. He also states that he "fears for his life and health as well as his right to access the courts" while being housed in the SHU. He

claims the fears are based upon the SHU building being unstable, sewage in the corridors, ants in the cells, dangerous showers, "sandpaper-like" cell walls, contaminated food, and no dental floss. The plaintiff further complains that the computer in the law library at FCI-Bennettsville is defective and, thus, he has been denied access to the courts. The plaintiff asks that the court "grant temporary relief pending [his] civil rights complaint."

According to the court docket in this case, the defendants have not yet been served with the plaintiff's complaint and the motion at issue.

To obtain a preliminary injunction, the plaintiff must demonstrate "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Winter v. Natural Resources Defense Council., Inc.* 129 S. Ct. 365, 374 (2008); *see Scott v. Padula*, C.A. No. 0:08-3240-HFF-PJG, 2009 WL 2579464, at *1 (D.S.C. August 18, 2009) (applying *Winter* standard and noting that the *Blackwelder Furniture Co. v. Seling Mfg. Co.*, 550 F.2d 189 (4th Cir.1977) balance-of-hardship test no longer applies). *See Neiswender v. Bank of America*, No. 09-2595, 2009 WL 1834406, at *1 (N.D. Cal. June 23, 2009) ("A request for a temporary restraining order is governed by the same general standards that govern the issuance of a preliminary injunction.").

The plaintiff has failed to make the required showing to obtain a temporary restraining order or preliminary injunction. The plaintiff has not provided this court with proof that he will suffer immediate and irreparable harm if the relief he seeks is not granted. Further, the plaintiff has provided nothing in his motion to suggest that he will ultimately prevail on the merits of his claim. Likewise, he fails to offer anything to support the contention that the public would somehow benefit from the injunctive relief requested. Functions of prison management must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. *Gaston v. Taylor*,

946 F.2d 340, 343 (4th Cir. 1991). Courts should grant preliminary injunctive relief involving the management of prisons only under exceptional and compelling circumstances. *Taylor v. Freeman*, 34 F.3d 266, 269-70 (4th Cir. 1994).

Wherefore, based on the foregoing, it is recommended that the plaintiff's motion (doc. 5) be denied.

s/Kevin F. McDonald  
United States Magistrate Judge

October 22, 2010

Greenville, South Carolina