IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Glenn L. Williams, | ) |
|                 Plaintiff, | ) Civil Action No. 6:10-2231-TLW-KFM |
| vs. | ) **REPORT OF MAGISTRATE JUDGE** |
| Darlene Drew, Warden at FCI Bennettsville, Delrae, Captain at FCI Bennettsville, | ) |
|                 Defendants. | ) |

This matter is before the court on the plaintiff's motion to amend his complaint (doc. 49).

The plaintiff is a federal inmate at FCI Bennettsville who is proceeding *pro se*. He alleges in his complaint that his constitutional rights have been violated because of the following: prison conditions, placement of prisoner in "infested" areas, denial of dental hygiene products (dental floss), denial of access to law library, and denial of access to courts.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

**PROCEDURAL HISTORY**

The plaintiff filed his original complaint against defendants Darlene Drew and Gerald Delrae[1] on August 26, 2010. He also filed a motion for preliminary relief, which was denied upon this court's recommendation by the Honorable Terry L. Wooten, United States

---

[1]This defendant states that his name is spelled "DelRe" (*see* def. resp. m. to amend 1 n.1). He shall be referred to as "DelRe" in this document, and the Clerk is directed to correct the spelling on the docket.

District Judge, on December 16, 2010. The plaintiff filed an amended complaint on November 8, 2010, amending his sixth cause of action for retaliation/discrimination. He filed a motion to stay on November 29, 2010, which was denied on December 2, 2010. On December 17, 2010, the plaintiff filed a motion to reconsider his request for a stay. On the same day, the defendants filed a motion to dismiss based on failure to exhaust and qualified immunity, among other defenses. On December 20, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. The plaintiff's motion to reconsider the stay was denied on December 20, 2010. On December 21, 2010, the plaintiff filed a motion to amend/correct the amended complaint, which is now at issue.

## ANALYSIS

In his motion to amend, the plaintiff seeks to dismiss defendant DelRe and add a new defendant, Officer Hayes. The defendants do not object to the plaintiff's request to dismiss defendant DelRe. However, the defendants do object to the plaintiff's request to add "Officer Hayes" as an additional defendant.

This court has reviewed the original complaint and amended complaint (docs. 1, 32). Neither document contains allegations against this newly-identified defendant, and no allegations are contained in his motion to amend. Furthermore, the defendants argue that the plaintiff has failed to exhaust on any of the prior issues raised in this complaint, and he has failed to correct any of the noted deficiencies in his pleading. As such, the defendants contend that allowing this amendment would be futile. "An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dougherty v. Town of North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002); *see also GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997) (stating that "[t]he opportunity to amend a complaint is futile if the

complaint, as amended, would fail to state a claim upon which relief could be granted," which is "the same standard of legal sufficiency that applies under Rule 12(b)(6)") (citation omitted).  This court agrees that the addition of Officer Hayes as a defendant would be futile.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the plaintiff's motion to amend should be granted as to the dismissal of defendant DelRe and denied as to the addition of Officer Hayes as a defendant.

                                               s/Kevin F. McDonald
                                               United States Magistrate Judge

January 20, 2011

Greenville, South Carolina