IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Glenn L. Williams, ) | |
| ) | Civil Action No. 6:10-2231-TLW-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Darlene Drew, Warden at FCI ) | |
| Bennettsville, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on the motion to dismiss of defendant Warden Drew (doc. 44). The plaintiff, a federal inmate who is proceeding *pro se*, seeks relief pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

## **PROCEDURAL HISTORY**

The plaintiff is a federal inmate at FCI Bennettsville who is proceeding *pro se*. He filed his complaint against defendants Warden Drew and Captain Delrae on August 26, 2010. In it, he alleged that Captain Delrae violated his constitutional rights by intentionally placing him in an "infested" area in the prison. As set out below, on the plaintiff's motion, Captain Delrae is no longer a party, and this claim is abandoned. Of his remaining claims, the plaintiff identifies Drew in only one: her denial of his request for dental floss. The other claims – denial of access to a law library[1], unsanitary prison conditions, and retaliation – fail to identify any individual as personally culpable.

---

[1]The plaintiff's fifth claim, entitled "Right to defend myself during entire disciplinary process," directs the court's attention back to his law library claim and, as such, is not separately considered.

On December 21, 2010, the plaintiff moved to amend his complaint to dismiss Captain Delrae and add another defendant. By order dated May 13, 2011, United States District Judge Terry L. Wooten granted the plaintiff's motion to dismiss Captain Delrae, but denied his motion to add another defendant. Accordingly, the sole defendant remaining is Warden Drew, who has filed the instant motion to dismiss based on the plaintiff's failure to exhaust his administrative remedies and other defenses. Attached to the motion is the Declaration of Jennifer G. Hollett, a Senior Attorney of the Federal Bureau of Prisons ("BOP"), along with a copy of the plaintiff's Administrative Remedy log maintained by the BOP (def. m. to dismiss, ex. 1, Hollett aff. and Admin. Remedy log), showing that the plaintiff has failed to exhaust his administrative remedies.

On December 17, 2010, Warden Drew filed a motion to dismiss. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. On May 9, 2011, the plaintiff filed his response in opposition to dismissal, asserting that he had in fact exhausted his administrative remedies, but that "the defendants have somehow coerced the Region to not include materially relevant proof of receipt of certain filings to infer non-exhaustion. . ." (pl. resp. to m. to dismiss at p. 2). The plaintiff also requested a continuance of 90 days. On May 19, 2011, the defendant filed a reply opposing the plaintiff's motion for continuance and renewing her motion to dismiss.

## **RELEVANT FACTS PRESENTED**

While placed in FCI-Bennettsville's Special Housing Unit ("SHU"), the plaintiff filed separate grievances that he was denied (1) dental floss, (2) access to a law library, and (3) sanitary and safe SHU conditions. The grievances were each ultimately denied by Warden Drew on the institutional level on September 16, 2010. Pursuant to 28 C.F.R. §542.15(a), the plaintiff had 20 days to appeal to the Regional level. The Administrative Remedy log submitted by Warden Drew shows that the plaintiff's appeals to the Regional level were attempted on October 25th and 26th, nearly three weeks beyond the appeal

window.  As such, they were rejected as untimely.  As further shown by the submitted records, the plaintiff failed to appeal these rejections to the National level (Hollett aff. ¶¶ 10-15; Admin. Remedy log).

The Administrative Remedy log reveals that no grievance was filed for the retaliation claim raised by the plaintiff in his amended complaint.  In this claim, he alleges that his confinement in the SHU was extended for attempting to pursue the grievances set forth above (Hollett aff. ¶ 20)

## **APPLICABLE LAW AND ANALYSIS**

If on a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) matters outside the pleading are presented to and not excluded by the court, as here, the motion shall be treated as one for summary judgment. Fed.R.Civ.P. 12(d).  Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257.  In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324.  Under this standard, the

3

existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

Warden Drew argues that the case should be dismissed because the plaintiff has failed to exhaust his administrative remedies. This court agrees. The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (codified as amended at 42 U.S.C. § 1997e(a) (1996)), mandates, among other things, that prisoners exhaust their administrative remedies prior to filing civil actions concerning prison conditions. *See Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court"). Exhaustion is required for "all action[s] ... brought with respect to prison conditions, whether under § 1983 or any other Federal law." *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (internal quotations omitted). "[T]he PLRA's exhaustion requirement is mandatory," *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 677 (4th Cir. 2005), and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter,* 534 U.S. at 532. Although PLRA exhaustion is not jurisdictional, failure to exhaust is an affirmative defense that can be pleaded by the defendants. *Jones*, 549 U.S. at 216; *Anderson*, 407 F.3d at 681. No unexhausted claims may be considered by the court; such claims must be dismissed. *Jones*, 549 U.S. at 211. "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being hauled into court." *Id.* at 204. It also has

the "potential to reduce the number of inmate suits and to improve the quality of suits that are filed by producing a useful administrative record.*" Id.*

The PLRA requires "proper exhaustion" of available administrative remedies prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 93-94 (2006). As the Supreme Court noted, "[a]ggrieved parties may prefer not to exhaust administrative remedies for a variety of reasons," whether it be concerns about efficiency or "bad faith." *Id.* at 89-90. This is especially true in a prison context. *Id*. at 90 n.1. Nevertheless, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP has a three-tiered formal administrative grievance process, although there is also an informal resolution process. See 28 C.F.R. §§ 542.10 *et seq*. An inmate may complain about any aspect of his confinement by first seeking to informally resolve the complaint at the institution level. *Id.* § 542.13. If the matter cannot be resolved informally, the inmate may file a formal written complaint to the warden within 20 calendar days after the date upon which the basis for the request occurred. *Id.* § 542.14. The matter will be investigated, and a written response provided to the inmate. *Id.* If dissatisfied with the response, the inmate may appeal to the Regional Director within 20 days of the date of the Warden's response. *Id.* § 542.15(a). If dissatisfied with the regional response, the inmate may appeal to the General Counsel within 30 days of the Regional Director's response. *Id.* Appeal to the General Counsel is the final level of agency review. *Id.*

As set forth in the uncontradicted declaration of Ms. Hollett and the Administrative Remedy log filed by Warden Drew in support of dismissal, the plaintiff failed to pursue his administrative remedies for his grievances to the required end. Regarding the first three grievances (dental floss, law library access, and SHU conditions), the log clearly shows that he submitted the appeals too late for Regional level consideration and that, in any event, he failed to pursue the resulting rejections on to the National level. Further, as pointed

5

out by Ms. Hollett and verified by the log, the plaintiff failed to seek an administrative remedy for his unsubstantiated claim of retaliation, as he did not submit such a grievance at FCI-Bennettsville.

In response to the Administrative Remedy log showing non-exhaustion, the plaintiff fails to demonstrate that specific, material facts exist that give rise to a genuine issue. See *Celotex Corp.*, 407 U.S. at 324. Instead, he alleges that Warden Drew "somehow . . . coerced" the Regional authorities to withhold records showing exhaustion. This is fanciful speculation at best, and the accusation deserves no consideration without some showing by the plaintiff of its validity. Likewise, the plaintiff's unsupported observation of a systemic problem with the facility's handling of grievances, suggesting that he was sabotaged as a result, is insufficient to defeat summary judgment. Indeed, were the court to give credence to such baseless charges by the non-movant in any case, a motion for summary judgment would be an exercise in futility. Accordingly, the plaintiff has failed to make the required showing of proof to give rise to a genuine issue, and Warden Drew is entitled to summary judgment.

***Motion for Continuance***

In his response, the plaintiff alternatively moved for a continuance. As this court now recommends that summary judgment be granted, the motion for continuance is denied.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the defendants' motion (doc. 44) be granted and the plaintiff's complaint be dismissed without prejudice for failure to exhaust administrative remedies.

IT IS SO RECOMMENDED.

s/Kevin F. McDonald
United States Magistrate Judge

July 26, 2011
Greenville, South Carolina