IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Glenn L. Williams, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.: 6:10-cv-2231-TLW-KFM |
| ) | |
| Darlene Drew, Warden at FCI ) | |
| Bennettsville, and DelRae, Captain ) | |
| at FCI Bennettsville, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

# ORDER

The plaintiff, Glenn L. Williams ("plaintiff"), brought this civil action, pro se, on August 26, 2010. (Doc. # 1). The plaintiff filed an amended complaint on November 8, 2010, amending his sixth cause of action for retaliation/discrimination. (Doc. # 32). On December 21, 2010, the plaintiff filed a motion to amend/correct the amended complaint. (Doc. # 49). On May 13, 2011, this Court signed an Order granting the motion to amend/correct as to the dismissal of defendant DelRae and denying it as to the addition of Officer Hayes as a defendant. (Doc. # 67). On December 17, 2010, the defendants filed a motion to dismiss. (Doc. # 44). On May 9, 2011, the plaintiff filed a response to the motion to dismiss. (Doc. # 65).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Kevin F. McDonald to whom this case had previously been assigned pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2), DSC. (Doc. # 71). In the Report, the Magistrate Judge recommends that the District

Court grant the defendants' motion to dismiss (Doc. # 44) and dismiss the plaintiff's complaint without prejudice for failure to exhaust administrative remedies. (Doc. # 71). The plaintiff filed objections to the Report. (Doc. # 74). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.
>
> Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992)

(citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. After careful review of the Report and objections thereto, the Court **ACCEPTS** the Report. (Doc. # 71). Therefore, for the reasons articulated by the Magistrate Judge, the defendants' motion to dismiss (Doc. # 44) is **GRANTED**, and the plaintiff's complaint is **DISMISSED** without prejudice for failure to exhaust administrative remedies.

**IT IS SO ORDERED**.

    s/Terry L. Wooten
United States District Judge

September 27, 2011
Florence, South Carolina